**Opinion issued June 9, 2015**



In The

# Court of Appeals

For The

# First District of Texas

_____

**NO. 01-15-00048-CR**

_____

**EUGENE JAMES MINGO, JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court**
**Jefferson County, Texas**
**Trial Court Case No. 14-19786[1]**

---

[1] On July 1, 2014, the Texas Supreme Court ordered this appeal transferred from the Court of Appeals for the Ninth District of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013) (authorizing transfer of cases). We are unaware of any conflict between the precedent of the Court of Appeals for the Ninth District and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

## MEMORANDUM OPINION

A jury convicted Eugene James Mingo, Jr. of the third-degree felony of unlawful restraint and assessed his punishment at eight years' confinement. *See* TEX. PENAL CODE ANN. § 20.02 (West Supp. 2014). On appeal, Mingo contends that the evidence is legally insufficient to support the enhancement of his conviction to a third-degree felony. We affirm.

### Background

In June 2014, in Port Arthur, Texas, K. Leday and her three children were at home. Her seven-year-old son and five-year-old daughter were playing outside in the front yard. Leday and her youngest child were inside the house. Leday heard her son screaming that "a man [was] trying to take" his sister. Leday ran outside. She saw Mingo was forcibly holding her daughter to his chest, clutching her as tight as he could. He appeared intoxicated. Leday did not know Mingo and had never seen him before. She ran toward him to retrieve her daughter. Another man saw the altercation and stopped to help Leday pull her daughter away from Mingo. Leday and the passerby engaged in a vicious struggle with Mingo, who continued to forcibly restrain the child. During the struggle, Mingo fell to the ground and released her. The child did not sustain any physical injuries from the struggle. Later, Mingo returned to the Leday residence and tried to open their locked front

door.  Port Arthur police officers found Mingo outside a nearby house shortly after the incident.

## Discussion

*Standard of Review and Applicable Law*

Under the standard of review for legal sufficiency challenges, evidence is insufficient to support a conviction if, considering all the record evidence in the light most favorable to the verdict, no rational factfinder could have found that each essential element of the charged offense was proven beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *In re Winship*, 397 U.S. 358, 361, 90 S. Ct. 1068, 1071 (1970); *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009); *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).  Viewed in the light most favorable to the verdict, the evidence is insufficient under this standard when (1) the record contains no evidence or merely a "modicum" of evidence, probative of an element of the offense; or (2) the evidence conclusively establishes a reasonable doubt.  *Jackson,* 443 U.S. at 314, 318 n. 11, 320, 99 S. Ct. at 2789; *Laster,* 275 S.W.3d at 517–18; *Williams,* 235 S.W.3d at 750.

We determine whether necessary inferences are reasonable in light of the combined and cumulative force of all the evidence, viewed in the light most favorable to the verdict.  *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App.

2007).  We presume that the factfinder resolved any conflicting inferences in favor of the verdict and defer to that resolution.  *See Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Clayton*, 235 S.W.3d at 778.  We additionally defer to the factfinder's evaluation of the credibility and weight of the evidence.  *Williams*, 235 S.W.3d at 750.

A person is guilty of unlawful restraint "if he intentionally or knowingly restrains another person."  TEX. PENAL CODE ANN. § 20.02(a).  If "the actor recklessly exposes the victim to a substantial risk of serious bodily injury," the offense of unlawful restraint is elevated to a third-degree felony.  *Id.* § 20.02(c)(2)(A).  A "serious bodily injury" means "bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." *Id.* § 1.07(a)(46) (West Supp. 2014).

In *Taylor v. State*, the Texas Court of Criminal Appeals considered a false imprisonment case under section 20.02 of the Penal Code.  550 S.W.2d 695, 696 (Tex. Crim. App. 1977).  As part of a grocery store robbery, the appellant locked two men inside a meat locker, bound their arms, laid them on a freezing, concrete floor, and left them in the locker.  *Id.* at 696–97.  The men began to feel frostbite, but eventually were able to free themselves.  *Id.* at 697–98.  The court reasoned that evidence supported the appellant's intent to leave the men indefinitely in the

4

meat locker on a freezing floor and thus concluded that there was sufficient evidence to support a jury finding of a substantial risk of serious bodily injury, despite the men's subsequent escape. *Id.* at 697.

*Analysis*

Mingo contends that the evidence was legally insufficient to show that he recklessly exposed Leday's daughter to a substantial risk of serious bodily injury and thus he should not have been convicted of a third-degree felony. Mingo does not contest the sufficiency of the evidence to support the other elements of unlawful restraint.

Mingo observes that the girl was not scratched or bruised during her mother's attempts to pull her away from him. But the Penal Code requires "a substantial risk of serious bodily injury," not actual injury. *See* TEX. PENAL CODE ANN. § 20.02(c)(2)(A); *Taylor*, 550 S.W.2d at 697. The jury heard evidence that Mingo held the child "as tight as he could," so that she could not move and carried her above ground as she struggled and others tried to free her. He fell to the ground during efforts to free her. A rational jury thus could conclude that Mingo's assaultive conduct exposed the child to a substantial risk of injury due to a fall or to impaired breathing. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Laster*, 275 S.W.3d at 517.

5

Mingo additionally relies on *Ransdell v. State*, No. 06-06-00166-CR, 2007 WL 1319382 (Tex. App.—Texarkana 2007, no pet.) (mem. op.), and *Cook v. State*, No. 03-08-00718-CR, 2009 WL 3230790 (Tex. App.—Austin 2009, pet. ref'd) (mem. op.), to argue that the evidence was insufficient to demonstrate a substantial risk of serious bodily injury and only demonstrated hypothetical injury. In *Ransdell*, the appellant trapped his children inside his house, blocked the door, armed himself with a baseball bat, and placed an emergency call to protect his family from an imaginary threat. 2007 WL 1319382, at *6. The Texarkana Court of Appeals held that there was insufficient evidence to show a substantial risk of serious bodily injury because there was no evidence that the appellant threatened his family, physically abused them, or put them in any physical danger. *Id.* In *Cook*, the Austin Court of Appeals held that evidence of an unstable individual displaying a knife a few feet from the complainant was insufficient to support a substantial risk of serious bodily injury in an unlawful restraint case. 2009 WL 3230790, at *8.

In contrast, Mingo threatened physical harm. Mingo picked up the five-year-old girl, held her tightly, and continued to forcibly restrain her as two other adults struggled to pry her away from him. The girl's mother retrieved her only after Mingo was forced to the ground. Mingo used physical force, rather than merely displaying a weapon. *Cook*, 2009 WL 3230790, at *8; *Ransdell*, 2007 WL

6

1319382, at *6. In considering whether a rational jury could have found that Mingo recklessly exposed the girl to a substantial risk of serious bodily injury, we determine whether a jury's necessary inferences are reasonable in light of all the evidence, viewed in the light most favorable to the verdict and deferring to the jury's evaluations of credibility. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton*, 235 S.W.3d at 778; *Williams*, 235 S.W.3d at 750. In grabbing the girl and continuing to hold onto her during the struggle, a rational jury could have found that Mingo exposed her to a substantial risk of serious bodily injury, even though two other adults successfully pulled her away before he physically injured her. *See Taylor*, 550 S.W.2d at 697. Accordingly, we conclude that there was sufficient evidence to support the jury's finding of a substantial risk of serious, bodily injury. *See* TEX. PENAL CODE ANN. § 20.02(c)(2)(A); *Jackson*, 443 U.S. at 319; *Clayton*, 235 S.W.3d at 778; *Williams*, 235 S.W.3d at 750; *Taylor*, 550 S.W.2d at 697.

## Conclusion

We hold that the evidence is legally sufficient to support Mingo's conviction. We therefore affirm.

Jane Bland
Justice

Panel consists of Justices Jennings, Bland, and Brown.

Do not publish. *See* TEX. R. APP. P. 47.2(b).